IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terrance R. Baker, | ) | C/A No.: 1:14-2136-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Mr. Larry Ray Patton Jr. and Jonathan Howell, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Terrance R. Baker, proceeding pro se and in forma pauperis, is an inmate incarcerated at Broad River Correctional Institution who brings this action alleging violations of 42 U.S.C. § 1983. He sues South Carolina Department of Probation, Parole and Pardon Services ("DPPPS") employees Larry Ray Patton Jr. and Jonathan Howell ("Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff alleges that he was granted conditional parole on June 19, 2013, dependent on his successful completion of the addiction treatment unit program ("ATU Program"). *Id.* at 3. On July 11, 2013, the parole board rescinded his conditional parole because he was not eligible to attend the ATU Program. [Entry #1-2 at 2]. Plaintiff alleges he was ineligible

because of his HIV status. [Entry #1 at 3]. On July 23, 2013, the DPPPS sent Plaintiff a letter informing him that his parole case would be reheard. [Entry #1-2 at 4]. Plaintiff received notification on August 21, 2013, that his parole was denied because (1) his prior criminal record indicated poor community adjustment and (2) he failed to complete a community supervision program. *Id.* at 5. Plaintiff contends that he wrote Patton on November 12, 2013, asking that his parole be reinstated because SCDC policy had changed such that he could attend the ATU Program. *Id.* at 10. Patton responded, stating that the parole board's decision was final. *Id.* at 4. Plaintiff seeks monetary damages. *Id.* at 6.

II.    Discussion

   A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of

a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

Plaintiff's complaint, which seeks monetary damages for the improper revocation of his conditional parole, is subject to summary dismissal. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87. Although the decision in *Heck* concerned a conviction, its rationale has been applied to challenges to parole and probation revocations. *See, e.g., Husketh v. Sills*, 34 Fed. Appx. 104, 105, n.2 (4th Cir. 2002) (finding that the preclusive rule of *Heck* extends to

3

parole decisions).

When addressing a damages claim in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008). Because Plaintiff fails to demonstrate or allege that he has successfully challenged the lawfulness of the revocation of his conditional parole, his claim that his constitutional rights were violated during the parole process should be dismissed.[1]

To the extent that Plaintiff is challenging the length of his confinement, his claims are more properly brought in a petition for a writ of habeas corpus. Both § 1983 and habeas corpus relief provide remedies for claims of unconstitutional treatment at the hands of state officials, but release from prison is not a remedy available under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481 (1994) (citing *Preiser*). Therefore, the instant complaint is subject to summary dismissal.

---

[1] Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Morris v. Cardillo*, C/A No. 0:10-443-JFA-PJG, 2010 WL 2722997, at *2 (D.S.C. April 15, 2010), *adopted by* 2010 WL 2722992 (D.S.C. July 9, 2010).

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

June 19, 2014                                            Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).