UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Terrance T. Baker, | ) | Civil Action No.1:14-cv-02136-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Mr. Larry Ray Patton, Jr., Jonathan Howell, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Terrance T. Baker ("Plaintiff") is a state prisoner housed at the Broad River Correctional Institution in Columbia, South Carolina. Plaintiff, proceeding *pro se* and *in forma pauperis* filed the instant action on June 3, 2014 pursuant 42 U.S.C. § 1983 seeking monetary damages. (ECF No. 1.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act, as well as applicable case precedents. The Magistrate Judge issued a Report and Recommendation on June 19, 2014 in which she recommended that Plaintiff's complaint be dismissed without prejudice and without issuance and service of process. (ECF No. 7.) The Magistrate Judge determined that Plaintiff's claim for damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Additionally, the Magistrate Judge noted that the rationale in *Heck* has been applied to parole and probation revocations. *See Husketh v. Sills*, 34 Fed. Appx. 104, 2011 U.S. Dist. LEXIS 96265, 2002 WL 924288 (4th Cir.2002).

The Magistrate Judge makes of only a recommendation to this Court. The recommendation

has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. Plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 7, at 6.) However, he has not done so and objections were due on July 7, 2014. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

After a careful review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated herein by reference. Therefore, it is ORDERED that this action is DISMISSED without prejudice and without issuance and service of process.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

July 21, 2014
Spartanburg, South Carolina